NO.  07-06-0493-CR
07-06-0494-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 13, 2008
_____

ROLAND RAY BATES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE COUNTY COURT AT LAW NO. 2 OF POTTER COUNTY;

NO. 115441, 117573; HONORABLE PAMELA C. SIRMON, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

_____**MEMORANDUM OPINION**

Appellant, Roland Ray Bates, appeals his convictions for driving while intoxicated and deadly conduct and concurrent sentences of one year confinement in the county jail and fine of $2,000.  We affirm.

Background

On May 14, 2006, appellant was hauling pipes in his truck and arrived in Amarillo in the early morning.  According to appellant, he missed his turn and attempted to get back

on his correct route by turning around in a store parking lot. As appellant was turning the truck in the parking lot, appellant claimed that he was attacked by two males who jumped onto the exterior of his truck. In an effort to protect himself, appellant sped out of the parking lot and entered a one-way street, eventually ending up on U.S. 287. However, appellant was driving north on the southbound portion of U.S. 287. Sometime after appellant began driving on the wrong side of the highway, the Amarillo Police Department received a 911 call from an unidentified female driver. A second caller to 911 also reported a semi-truck headed the wrong way on southbound U.S. 287. The caller traveled in the northbound lane and was able to keep up with the semi-truck who was, at times, traveling at 70 mph until police arrived.

When Deputy Eric Smith received the dispatch of a semi-truck traveling the wrong way, Smith went to the location and observed appellant traveling at approximately 65-70 mph before appellant pulled into the median. Texas Department of Public Safety Trooper John Alonzo arrived shortly after Smith in order to assist Smith. After Smith ordered appellant out of the vehicle, both Smith and Alonzo observed appellant's behavior and balance as he got out. Smith then had appellant perform a series of sobriety tests before Smith decided to arrest appellant for the offenses of driving while intoxicated and deadly conduct.

At trial, a jury found appellant guilty of the two offenses and sentenced appellant to one year in jail and a $2,000 fine for each offense. Appellant contends that (1) the evidence was legally and factually insufficient to support the conviction for the offense of deadly conduct; (2) the trial court erred in admitting the 911 audio recordings because,

2

without the callers being subject to cross examination, the recordings were hearsay and denied him the right to confront those witnesses; and (3) he was denied effective assistance of counsel because his attorney failed to object to the introduction of evidence of his breath test refusal or to the introduction of photographs of the street signs. We affirm.

Sufficiency of the evidence of the deadly conduct offense

In assessing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). In conducting a legal sufficiency review, an appellate court may not sit as a thirteenth juror, but rather must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).

When an appellant challenges the factual sufficiency of the evidence supporting his conviction, the reviewing court must determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding the appellant guilty beyond a reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). In performing a factual sufficiency review, we must give deference to the fact finder's determinations if supported by evidence and may not order a new trial simply because we may disagree with the verdict. See id. at 414. As an appellate court, we are not justified

3

in ordering a new trial unless there is some objective basis in the record demonstrating that the great weight and preponderance of the evidence contradicts the jury's verdict. See id. at 417. Additionally, an appellate opinion addressing factual sufficiency must include a discussion of the most important evidence that appellant claims undermines the jury's verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

By charging appellant with the offense of deadly conduct, the State was required to prove that appellant recklessly engaged in conduct that placed another in imminent danger of serious bodily injury. TEX. PENAL CODE ANN. § 22.05 (Vernon 2003). Appellant contends that the State presented no evidence to support his conviction. However, in the second 911 call audiotape, the jury heard the caller contend that cars were being forced to avoid appellant's semi-truck. Furthermore, when Smith was asked whether appellant's actions were capable of causing serious bodily injury, Smith testified that, in his opinion, a semi-truck weighing approximately 96,000 pounds traveling 60 to 75 mph on the wrong side of the road could cause death. Further, Smith's testimony and video showed that, as Smith traveled along U.S. 287 trying to catch up to appellant, several vehicles were traveling in the opposite direction on southbound U.S. 287. Taking into consideration the testimonial evidence, Smith's videotape of the stop, and audio recordings of the 911 calls, we conclude that the evidence, considered in the light most favorable to the verdict, was sufficient to allow a reasonable jury to have found the essential elements of the offense beyond a reasonable doubt. Jackson, 443 U.S. at 319; Ross, 133 S.W.3d at 620.

As for factual sufficiency, appellant contends that the most important evidence that undermines the jury's verdict is that the State failed to introduce testimony from anyone

4

that actually had to swerve away from appellant's vehicle or was placed in imminent danger. Furthermore, appellant contends that recklessness is conduct that must be gauged "under all the circumstances as viewed from the actor's standpoint." Hence, appellant contends that the evidence is factually insufficient to support his conviction for deadly conduct. However, appellant is incorrect in his assessment of the necessity of the introduction of evidence of appellant's state of mind in order to establish recklessness. According to the Texas Penal Code, a person acts recklessly when the risk is "of such a nature and degree that its disregard constitutes a gross deviation from <u>the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint</u>." TEX. PENAL CODE ANN. § 6.03(c) (Vernon 2003) (emphasis added). Thus, contrary to appellant's contention, we do not view the circumstances as appellant viewed them. Instead, we view the circumstances as an ordinary person would have perceived them if placed in appellant's position. In addition to the testimony already discussed, Trooper Alonzo further testified that he had received training in accident reconstruction and, based on his training, he concluded that even a semi-truck driver who was not intoxicated would have traveled twice the distance of a normal-sized vehicle before the driver could have started to brake. The jury also heard testimony from Alonzo that, depending on the degree of intoxication, a driver could take up to three additional seconds before they could process the thought of a threat and engage the brakes. Therefore, viewing all the evidence in a neutral light, the jury was rationally justified in finding appellant guilty beyond a reasonable doubt. <u>See</u> <u>Watson</u>, 204 S.W.3d at 415. Having concluded that the evidence was both legally and factually sufficient to support the deadly conduct charge, we overrule appellant's first issue.

## Hearsay and the Right to Confront Witnesses

As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion. TEX. R. APP. P. 33.1(a)(1). To be timely, an objection must be made as soon as the basis for the objection becomes apparent. Lagrone v. State, 942 S.W.2d 602, 618 (Tex.Crim.App. 1997). When a defendant does not object prior to the presentation of the objected to testimony, the defendant has waived the complaint on appeal, unless he can provide a legitimate reason to justify the delay. See id.

In the instant case, the State presented two witnesses for the purpose of gaining admission of the audio recordings of the 911 calls. First, the State called Traci Dillon, a dispatcher with the Amarillo Police Department, to testify about receiving a phone call from an unknown woman. Appellant objected to the admission of the recording based on relevancy. The trial court judge overruled the objection, admitted the recording into evidence, and allowed the State to play the recording for the jury. Next, the State called Kristi Choate, a dispatcher with the Potter County Sheriff's Office, to testify about receiving a phone call from Dustin Camp reporting a semi-truck traveling the wrong way along southbound U.S. 287. Appellant's trial counsel objected to the second recording stating, "Well, gee, I guess I respectfully object. It just seems redundant. The Defense stipulates Mr. Bates [appellant] was driving down the Dumas highway on the wrong side, so I'm not sure what the purpose is." The trial court overruled the objection, admitted the recording into evidence, and allowed the State to play the recording for the jury. After the audio recording was played for the jury, appellant's trial counsel made a third objection, "Judge

6

I'm going to object to that on the grounds it's hearsay, and Mr. Bates is denied his Texas and Federal Constitutional Rights to confront this unknown caller and question him." The trial court overruled this objection. Trial counsel had opportunity to object to both audio recordings and, in fact, did object twice on other grounds. However, appellant does not raise the issue of relevancy on appeal and those objections do not support appellant's present complaint of hearsay or denial of appellant's right to confrontation. See Broxton v. State, 909 S.W.2d 912, 918 (Tex.Crim.App. 1995). As to appellant's final objection raising hearsay and denial of the right to confront the 911 callers, appellant has not shown a legitimate reason for the delay in raising these complaints until after the publication of the audio recordings to the jury. Therefore, we conclude that the final objection raising hearsay and appellant's right to confront the witnesses was untimely and, therefore, not preserved for appellate review. See Lagrone, 942 S.W.2d at 618. We overrule appellant's second issue.

## Ineffective Assistance of Counsel

When confronted with an ineffective assistance of counsel claim, we apply the two-pronged analysis set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Hernandez v. State, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986) (adopting Strickland as applicable standard under the Texas Constitution).

Under the first prong of the Strickland test, an appellant must show that counsel's performance was "deficient." Strickland, 466 U.S. at 687. "This requires showing that

7

counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. To be successful in this regard, an appellant "must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. Under the second prong, an appellant must show that the deficient performance prejudiced the defense. Id. at 687. The appropriate standard for judging prejudice requires an appellant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. Appellant must prove both prongs of Strickland by a preponderance of the evidence in order to prevail. Tong v. State, 25 S.W.3d 707, 712 (Tex.Crim.App. 2000); McFarland v. State, 845 S.W.2d 824, 842 (Tex.Crim.App. 1992).

Appellant contends that his trial counsel was ineffective because of his failure to object to the introduction of appellant's refusal to submit to a breath analysis. However, a review of the testimonial evidence demonstrates that trial counsel questioned Smith as to whether appellant had actually refused to submit to testing because appellant told Smith that he would take a blood test instead of a breath test. Appellant's trial counsel questioned Smith about whose decision it was not to get a blood test. Through cross examination, Smith explained that appellant initially agreed to a breath test but later changed his mind and would only agree to a blood test. According to Smith, because of the time delay in taking appellant to the hospital, Smith did not believe that appellant would have any alcohol concentration in his blood. However, Smith admitted that he had the option of allowing appellant to submit a blood sample. Hence, the record shows that trial

8

counsel was employing a trial strategy to show that Smith did not allow the blood test rather than appellant actually refusing.

Next, appellant contends trial counsel was ineffective because trial counsel failed to object to the introduction of daytime photographs of the directional markers on the streets and highway that appellant would have observed while driving. However, trial counsel presented a theory regarding the signage that did not relate to the visibility of the signs. Instead, trial counsel argued that the signs showing the different one-way streets were confusing rather than not visible. Further, trial counsel related that appellant had been attacked by two men and that appellant, in escaping, had accidentally gone the wrong way. Therefore, trial counsel's theory, as presented to the jury, was reasonable and was not prejudiced by the issue of whether the signs were more visible during the day than at night. Therefore, we do not believe that appellant's trial counsel's representation fell below an objective standard of reasonableness nor that there was a reasonable probability that, but for trial counsel's failure to object to testimony of a breath test refusal or the admission of photographs, the result of the trial would have been different. Strickland, 466 U.S. at 694. We overrule appellant's final issue.

## Conclusion

For the foregoing reasons, we affirm the judgment of the trial court in each cause.

Mackey K. Hancock
Justice

Do not publish.

9